776 February 4, 2026 No. 59

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Terrial JACKSON,
*Plaintiff-Appellant,*

*v.*

KA-3 ASSOCIATES, LLC,
an Oregon limited liability company, and
Kinsel Ameri Properties, Inc.,
an Oregon corporation, dba WPL Associates,
*Defendants-Respondents.*

Multnomah County Circuit Court
20CV18057; A180328

On remand from the Oregon Supreme Court, *Jackson v. KA-3 Associates, LLC*, 374 Or 1, 573 P3d 396 (2025).

Thomas M. Christ, Judge pro tempore.

Submitted on remand October 31, 2025.

Willard E. Merkel argued the cause for appellant. Also on the opening brief was Merkel & Associates. On the reply brief were Willard E. Merkel and Merkel & Conner.

A. Elizabeth Esfeld argued the cause for respondents. Also on the brief was Betts,

Patterson & Minds, P.S.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this personal injury action under the Oregon Residential Landlord and Tenant Act (ORLTA), plaintiff (tenant) sought damages from defendants (landlord) for injuries that he alleges he sustained when the plastic cover of a light fixture[1] fell on his head from the ceiling of an exterior common hallway outside tenant's apartment. Tenant's theory under the ORLTA was that landlord had breached its obligations under ORS 90.320(1), which requires a landlord to "maintain the dwelling unit in a habitable condition" and provides that "a dwelling unit shall be considered unhabitable if it substantially lacks" certain attributes, which the statute lists. Tenant alleged that "the condition of the * * * overhead lighting represented a violation of the habitability standards" set forth in ORS 90.320(1)(e), (f), and (h).[2]

Landlord moved for summary judgment on the ORLTA claim, asserting, among other things, that a landlord's habitability obligations apply only to the area within a tenant's "dwelling unit," as that term is defined in ORS 90.100(14), which provides that a "'[d]welling unit' means a structure or the part of a structure that is used as a home." Landlord also asserted on summary judgment that, assuming the habitability obligations applied to the common hallway in

---

[1] Tenant repeatedly refers to a "falling light fixture," but it is undisputed that the fixture did not fall—only the fixture's plastic cover fell.

[2] ORS 90.320(1) provides, in relevant part, that a landlord

"shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"* * * * *

"(e) Electrical lighting with wiring and electrical equipment that conform to applicable law at the time of installation and is maintained in good working order;

"(f) Buildings, grounds and appurtenances at the time of the commencement of the rental agreement in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin; [or]

"* * * * *

"(h) Floors, walls, ceilings, stairways and railings maintained in good repair[.]"

which tenant was injured, no reasonable jury could find that tenant's dwelling unit was substantially lacking any of the habitability attributes identified by tenant in his complaint.

The trial court granted landlord's motion, reasoning that tenant's injury had not occurred within the dwelling unit so as to be subject to the habitability requirement. The trial court also reasoned that "no reasonable juror could find that the cover of a light fixture falling in a common area creates a situation where a dwelling unit would be unhabitable," and that "no reasonable juror could find that the property was substantially lacking in any of the enumerated categories under ORS 90.320."

In our original opinion on tenant's appeal, *Jackson v. KA-3 Associates, LLC*, 331 Or App 574, 546 P3d 950 (2024), *rev'd in part and rem'd*, 374 Or 1, 573 P3d 396 (2025), we upheld the trial court's ruling dismissing tenant's action based on our agreement with the trial court's conclusion that tenant's alleged injuries were not subject to the ORLTA, because they did not occur in a "dwelling unit." We did not address the other basis for the trial court's summary judgment ruling on the ORLTA claim—that, even if a landlord's habitability obligations extend to areas outside a tenant's dwelling unit, landlord was entitled to summary judgment, because no objectively reasonable jury could find that tenant's apartment substantially lacked the habitability attributes that tenant had identified in his complaint.[3]

On tenant's petition, the Supreme Court allowed review and disagreed with our conclusion that a landlord's habitability obligations apply only to a dwelling unit. *Jackson v. KA-3 Associates, LLC*, 374 Or 1, 573 P3d 396

_____

[3] Tenant also brought a claim of negligence based on a theory of *res ipsa loquitur. See Watzig v. Tobin*, 292 Or 645, 648, 642 P2d 651 (1982) ("In essence, the rule that 'the thing speaks for itself,' *res ipsa loquitur*, is a rule of circumstantial evidence that allows an inference of negligence to be drawn if the accident is of a kind which ordinarily would not have occurred in the absence of the defendant's negligence[.]"). The trial court granted landlord's motion for summary judgment on the negligence claim, we affirmed, and tenant did not seek review in the Supreme Court of that determination. The Supreme Court addressed only the ORLTA claim. Thus, on remand, only the ORLTA claim is before us. Tenant's argument under the ORLTA is, essentially, an argument for application of *res ipsa loquitur*—that the evidence of the falling plastic cover *requires* a finding of ORLTA violations.

(2025). The court stated that "[t]he question in this case is whether a dwelling unit can be rendered unhabitable under ORS 90.320(1) as a result of conditions of the premises outside the dwelling unit itself." *Id*. at 8.

The court explained that the plain text of the statutes and the legislative history of the ORLTA show that the legislature intended to impose habitability obligations on landlords relating both to dwelling units and to areas that are adjacent to a tenant's apartment, such as buildings, grounds and appurtenances, under the control of the landlord, and elevators used by the tenant to access the tenant's apartment—areas that are, or are likely to be, outside a tenant's dwelling unit, specifically. *Id*. at 21-22. The court concluded that a landlord's habitability obligations apply to areas outside a tenant's dwelling unit "because conditions in those areas can render a dwelling unit unhabitable." *Id*. at 21.

The Supreme Court remanded the case to us to consider an argument made by landlord and on which the trial court also based its ruling on summary judgment, that, even if landlord's habitability obligation applies to common areas, no reasonable jury could find that the common areas of the premises substantially lacked the attributes that tenant has identified in his complaint, so as to render tenant's dwelling unit unhabitable.

Tenant's complaint alleged violations of the habitability standards found in ORS 90.320(1)(e), (f), and (h). The statute provides that "a dwelling unit shall be considered unhabitable if it substantially lacks": "[e]lectrical lighting with wiring and electrical equipment that conform to applicable law at the time of installation and is maintained in good working order," ORS 90.320(1)(e); "ceilings" "maintained in good repair," ORS 90.320(1)(h); and "[b]uildings, [including] grounds and appurtenances" "kept "in every part safe for normal and reasonably foreseeable uses," ORS 90.320(1)(f).

In granting landlord's motion for summary judgment, the trial court concluded, based on the record on summary judgment, that no reasonable jury could find that "the cover of a light fixture falling in a common area creates a situation where a dwelling unit would be unhabitable."

Tenant contends on appeal that the trial court erred in granting landlord's motion for summary judgment, because the falling of the plastic cover *requires* a finding of a violation of the ORLTA under each of the three cited habitability paragraphs, ORS 90.320(1)(e), (f), and (h). Tenant argues that the fact that the plastic cover fell would require a jury to find (1) that the dwelling was unhabitable, because the "falling fixture" could not have been "maintained in good working order" "at all times," ORS 90.320(e); (2) that the ceiling had not been "maintained in good repair" "at all times," ORS 90.320(1)(h); and (3) that the building was not "at all times" "in every part safe for normal and reasonably foreseeable uses." ORS 90.320(1)(f). Tenant's argument under the ORLTA is, essentially, an argument for application of *res ipsa loquitur*—that the evidence of the falling plastic cover gives rise to a presumption of ORLTA violations relating to maintaining the premises.

Courts are required to grant a motion for summary judgment when

> "there is no genuine issue as to any material fact and \* \* \* the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial."

ORCP 47 C. We "review a trial court's grant of summary judgment for legal error, and we will affirm if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." *Thorin Properties v. City of Eugene*, 334 Or App 570, 571-72, 557 P3d 531 (2024) (internal quotation marks omitted).

Here, viewing the evidence in the record on summary judgment in a manner most favorable to tenant, we agree with the trial court that it was not sufficient to survive landlord's summary judgment motion.

Under the ORLTA, a dwelling is unhabitable if it "substantially lacks" the features described in ORS 90.320(1). The phrase "substantially lacks" is not defined in the statute. In its ordinary usage, "substantially" means "in a substantial manner : so as to be substantial." *Webster's Third New Int'l Dictionary* 2280 (unabridged ed 2002). "Substantial," in turn, can mean many things in various contexts, from "material," to "important, essential," to "soundly based : carrying weight," "to a large degree or in the main." *Id*. In this context, in which the phrase "substantially lacks" defines the degree to which a circumstance fails to satisfy habitability requirements, we conclude that the most relevant definition is "to a large degree or in the main."

We agree with the trial court that no reasonable jury could find, that the falling of the plastic cover caused the common areas of landlord's premises to lack, "to a large degree or in the main," the attributes identified by tenant in his complaint, so as to render tenant's dwelling unhabitable. Tenant presented no evidence on summary judgment connecting the falling of the plastic cover to any of the habitability requirements or to show that they were lacking "to a large degree or in the main." Tenant provided no evidence and makes no argument on appeal that the plastic cover on the light fixture was a component of "[e]lectrical lighting" or how the falling of the plastic cover was evidence that the premises lacked "to a large degree or in the main" electrical lighting in conformance with applicable law and in good working order. ORS 90.320(1)(e). Tenant provided no evidence and makes no argument on appeal as to how the falling of the plastic cover caused the premises to lack, "to a large degree or in the main," areas "safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin." ORS 90.320(1)(f). And tenant submitted no evidence and makes no argument on appeal as to how the falling of the plastic cover in the common hall caused landlord's premises to lack, "to a large degree or in the main," "[f]loors, walls, ceilings, stairways and railings maintained in good repair." ORS 90.320(1)(h).

Tenant assumes that the fact of the plastic cover falling, in and of itself, satisfied his burden of proof, as he

contended it would in his negligence claim under *res ipsa loquitur*. But, as we have noted above in footnote 3, in our first opinion, we affirmed the trial court's rejection of plaintiff's *res ipsa loquitur* negligence claim, concluding that the evidence in the record on summary judgment would not permit a finding that negligent maintenance probably caused the plastic cover to fall. *Jackson*, 331 Or App at 584; *see also Hagler v. Coastal Farm Holdings, Inc.*, 354 Or 132, 146, 309 P3d 1073 (2013) (describing theory of *res ipsa loquitur*). And here we conclude that, without some evidence showing that the falling of the plastic cover caused or was the result of the alleged habitability violations, the trial court did not err in concluding that landlord was entitled to summary judgment on the ORLTA claim, because "no reasonable juror could find that the cover of a light fixture falling in a common area creates a situation where a dwelling unit would be unhabitable."

Affirmed.